HERMAN SCHWARTZ, Respondent, v. NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURG, PA., a corporation,
Appellant.

(189 N. W. 322)

Following Wilkins vs. National Union Fire Insurance Company,
post 1295, 189 N. W. 317, the judgment appealed from is reversed and cause
remanded.

Opinion filed March 21, 1922. Rehearing denied July 14, 1922.

Appeal from the District court of Morton county, *Lembke*, J.

Reversed and remanded.

Per Curiam.

*Barnett & Richardson,* for appellant.

*Nuchols & Kelsch* and *Jacobsen & Murray,* for respondent.

The fact that a juror has an opinion does not disqualify him, providing he states that he can disregard that opinion, and try the case on its merits. See People v. Wolf, (Cal.) 190 Pac. 22.

"The old theory that a juror's mind must be like a piece of blank paper, has happily gone into ancient history. It is clear that what this juror had was a mere newspaper impression and not a fixed opinion, and he could not have helped the situation by telling the extent to which he relied in everyday business upon newspaper reports." See Moore v. City of Wichita, 189 Pac. 372. Also see Mainville v. State, 179 N. W. 764.

Challenges for Cause, Acquaintance, Friendship. An expressed friendship for one of the parties was not ground for challenge of a juror for cause, where it appeared that he could and would try the case impartially although it would 'make it hard for him.' " White v. Cowing, (Mich.) 171 N. W. 450.

Opinion based on rumor or report. Disqualification. An opinion of a juror on the merits of a criminal charge, if based solely on rumor or report, does not of itself disqualify him, where his *voir dire* examination shows that he can return a fair and impartial verdict upon

the evidence adduced at the trial, under the instructions of the court."
Grammer v. State (Neb.) 172 N. W. 41.

Qualification of a juror is one of law and fact, solely for the trial
court to decide.   See Loy v. State, (Wyo.) 185 Pac. 796.

Failure to examine a juror, waiver of qualification.   See 24 Cyc. 321.

Paragraph three: "*A party waives any objection to the juror's quali-
fications or competency subsequently discovered, if he accepts the juror
without examining him as to his qualifications.*"

Per Curiam.   This is an appeal from a judgment in favor of the
plaintiff and against the defendant in the sum of $547.77.   The facts
are substantially the same as those stated in the case of Wilkins v. Na-
tional Union Fire Insurance Co. (N. D.) 189 N. W. 317, the only ma-
terial difference being that they relate to drouth insurance held by this
plaintiff.   The errors assigned and argued in the brief are substantially
the same throughout as those discussed in the Wilkins Case, decided con-
currently herewith.   For the reasons stated in the decision in Wilkins v.
National Union Fire Insurance Co., post 1295, 189 N. W. 317, the judg-
ment appealed from is reversed, and the case remanded for a new trial.

Birdzell, Robinson, and Christianson, JJ., and Cooley and Coffey,
District Judges, concur.

Grace, C. J., and Bronson, J., disqualified, did   not   participate;
Cooley and Coffey, District Judges, sitting in their stead.